**QIN LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2621–ag.**

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Lin Li, Law Offices of Fengling Liu, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Laura Thomas Rivero, Lisette M. Reid, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Qin Lin, a native of China, seeks review of a May 9, 2006 order of the BIA

adopting, affirming, and supplementing immigration judge ("IJ") Philip Morace's December 1, 2004 decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qin Lin,* No. A96 334 547 (B.I.A. May 9, 2006), *aff'g* A96 334 547 (Immig. Ct. N.Y. City Dec. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Applying these principles to this case, we conclude that substantial evidence supports the IJ's finding that the numerous omissions and inconsistencies between Lin's hearing testimony and her written application rendered her not credible. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.

2000). The discrepancies related to the essential elements of Lin's claim, *i.e.,* the parentage of Lin's niece and the events surrounding her birth. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Additionally, the IJ appropriately determined that the birth certificate containing the true and correct names of the niece's parents severely undermined Lin's claim that she had been persecuted on account of an imputed parental relationship. The IJ was also reasonable in rejecting Lin's explanations for these inconsistencies, as her reliance on unfounded translation error and her own lack of knowledge would not compel a reasonable adjudicator to accept these attempts at resolution. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ's denial of asylum was thus appropriate. Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Further, because the petitioner has failed to sufficiently argue the merits of the IJ's denial of CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).